UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CIPRANO PACHECO ESPANA, | CASE NO. C13-1801 MJP |
| Petitioner, | ORDER ON REPORT & RECOMMENDATION |
| v. | |
| RAND BEERS, Acting Secretary of the Department of Homeland Security, et al., | |
| Respondents. | |

THIS MATTER comes before the Court on Petitioner's Objections (Dkt. No. 14) to Judge Tsuchida's Report and Recommendation (Dkt. No. 13) regarding the Government's Motion to Dismiss (Dkt. No. 7) Petitioner's Habeas Petition (Dkt. No. 1). Having reviewed the Petition, the Government's Motion to Dismiss, Petitioner's Response (Dkt. No. 9), the Government's Reply (Dkt. No. 10), Petitioner's Supplemental Response (Dkt. No. 12), Judge Tsuchida's Report and Recommendation, Petitioner's Objections, the Government's Response (Dkt. No. 15), and all related papers, the Court hereby DISMISSES the case as moot.

ORDER ON REPORT & RECOMMENDATION- 1

**Background**

In this habeas action under 28 U.S.C. § 2241, Petitioner asks this Court to review decisions by immigration judges refusing Petitioner's release from U.S. custody on bond and/or to order a new bond hearing. (See Dkt. No. 1.) At the same time Petitioner is challenging bond determinations in this Court, he is appealing to the 9th Circuit Court of Appeals a separate decision denying him asylum and relief under the Convention Against Torture and refusing to withhold removal. See Pacheco-Espana v. Holder, Case No. 13-73153 (9th Cir.). At the time Judge Tsuchida issued his Report and Recommendation, the 9th Circuit had issued an automatic stay of removal proceedings based on his petition for review. In the time since the R&R was issued, however, the 9th Circuit denied the stay. Id. at Dkt. No. 8 (Jan. 15, 2014).

**Analysis**

Whether a person facing removal is entitled to a bond hearing turns in part on which statute applies—the statute in effect prior to the 90-day removal period, 8 U.S.C. § 1226, or the statute in effect once the removal period has commenced, 8 U.S.C. § 1231. According to the 9th Circuit,

> Detention ―during" the removal period is mandatory. See § 1231(a)(2). [. . . .] [A]n alien detained under either provision of § 1231(a), unlike an alien detained under § 1226(a), cannot obtain a bond hearing before an IJ. Cf. 8 C.F.R. § 236.1(c)(8).

Prieto-Romero v. Clark, 534 F.3d 1053, 1059 n.4 (9th Cir. 2008).

Here, Judge Tsuchida determined that Espana was under the discretionary § 1226(a) regime because the 9th Circuit had stayed his removal pursuant to his petition for review. (R&R, Dkt. No. 13 at 6.) However, this was an automatic stay, and once the 9th Circuit looked at the merits of the stay request, it denied Espana's motion for a stay. See Pacheco-Espana v. Holder, Case No. 13-73153, Dkt. No. 8 (9th Cir. Jan. 15, 2014).

As Judge Tsuchida noted, the rule governing the transition between § 1226(a) (prior to removal period, where a bond determination is available) and § 1231(a) (removal period and beyond, where it is not) is governed by § 1231(a)(1)(B), which provides:

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

Judge Tsuchida held that the removal period had not yet begun, relying on provision (ii) because of the stay on the 9th Circuit. (Dkt. No. 13 at 4–6.) The R&R thus placed Petitioner under the § 1226(a) regime, where a bond determination is available and a challenge to denial of a bond request is proper. Now, however, the 9th Circuit has denied the stay and provision (ii) no longer applies.

Pursuant to provision (i), Petitioner has entered the removal period and is now subject to the § 1231(a) regime, where detention is mandatory and a challenge to denial of a bond request is no longer available. His challenge to the bond determination is therefore moot.

## Conclusion

Because Petitioner's circumstances have changed since the Report and Recommendations was issued, the Court declines to adopt the R&R. Instead, the Court DISMISSES Petitioner's case as moot because the statutory scheme no longer permits any bond determination.

The clerk is ordered to provide copies of this order to Judge Tsuchida, Petitioner, and all counsel.

Dated this 3rd day of February, 2014.

*Marsha J. Pechman*
Marsha J. Pechman
Chief United States District Judge